# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JEFFREY MEADOR,**
**Claimant Below, Petitioner**

**FILED**

November 15, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-1121** (BOR Appeal No. 2052954)
               (Claim No. 2015028989)

**SOUTHERN CONSERVATION DISTRICT,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeffrey Meador, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Southern Conservation District, by Counsel Daniel G. Murdock, filed a timely response.

The issues on appeal are temporary total disability benefits, medical benefits, and an additional compensable condition. The claims administrator closed the claim for temporary total disability benefits on May 13, 2016. In two separate decisions dated June 13, 2017, the claims administrator denied a request for a spinal cord stimulator and denied a request to add complex regional pain syndrome to the claim. The Office of Judges affirmed the decision in its May 18, 2018, Order. The Order was affirmed by the Board of Review on December 3, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Meador, a crew foreman, was injured in the course of his employment on April 27, 2015. The Employees' and Physicians' Report of Injury indicates he injured his right leg when the chainsaw he was using kicked back and cut him. The diagnosis was listed as complex right lower extremity laceration with cortical tibia fracture. Mr. Meador sought treatment from Charleston Area Medical Center that day. The treatment note indicates Mr. Meador accidentally cut his right lower leg with a chainsaw. He was diagnosed with incomplete fracture of the right tibia and lacerations to the leg. The claim was held compensable for closed fracture of the right tibia and open wound of the right knee, leg, and ankle on May 7, 2015.

1

A May 14, 2015, treatment note from Orthopedic Trauma Group indicates Mr. Meador was two weeks post-operative irrigation and debridement of a chainsaw injury. He had no redness, warmth, swelling, or discoloration in the area. He did have pain at the laceration site and numbness and weakness in his right foot. On June 4, 2015, Mr. Meador returned and complained of decreased sensation in his right leg along the peroneal nerve and limited range of motion in the right foot. It was noted that he had swelling throughout the right leg. On July 2, 2015, Mr. Meador returned with decreased sensation along the peroneal nerve. X-rays showed a cortical defect along the right tibia.

Warren Grace, M.D., from the Center for Pain Relief, performed an evaluation of Mr. Meador on September 22, 2015. Mr. Meador reported constant burning pain, cold intolerance, changes in skin color, abnormal skin temperature, and abnormal nail growth in the right lower extremity. Dr. Grace diagnosed complex regional pain syndrome of the right leg. He ordered a lumbar sympathetic block, a right leg neuroma injection, and physical therapy. Dr. Grace further stated that Mr. Meador may be a spinal cord stimulator candidate.

Treatment notes from Orthopedic Trauma Group from December of 2015, through February of 2016, indicate Mr. Meador saw no improvement in his symptoms. He continued to have pain and a burning sensation in his right leg and foot. Examination showed decreased sensation in the peroneal nerve and swelling throughout the right leg. Mr. Meador was unable to return to work.

Treatment notes by Dr. Grace from January of 2016, through April of 2016, indicate lumbar block injections had no effect on Mr. Meador's symptoms. On examination, he had increased response to pain, increased sensitivity, weakness, abnormal color, temperature abnormalities, and abnormal nail growth in the right lower extremity. Dr. Grace diagnosed complex regional pain syndrome and requested authorization of a trial spinal cord stimulator.

Mr. Meador was evaluated at the Orthopedic Trauma Group on April 21, 2016. It was noted that he had lost motor function of the right leg due to an extensive laceration. Mr. Meador was wearing a brace on the right leg. He reported a burning sensation in the leg and foot. He had decreased sensation along the peroneal nerve but there was no evidence of cellulitic changes or abnormal coloring.

In a May 10, 2016, independent medical evaluation, Prasadarao Mukkamala, M.D., noted that Mr. Meador underwent physical therapy for a year, was unsuccessfully treated with lumbar blocks, and currently requests a spinal cord stimulator. Physical examination showed restricted range of motion in the right ankle and foot as well as decreased sensation in the right leg. Mr. Meador had normal temperature, skin color, skin texture, and hair and nail growth in the right lower extremity. Dr. Mukkamala opined that the diagnoses of post-traumatic stress disorder and complex regional pain syndrome were not causally related to the compensable injury. Dr. Mukkamala saw no evidence of complex regional pain syndrome and opined that Mr. Meador had reached maximum medical improvement. Based on his evaluation, the claims administrator closed the claim for temporary total disability benefits on May 13, 2016.

Mr. Meador was evaluated at Orthopedic Trauma Group on May 19, 2016. He was receiving pain management with periodic injections. Physical examination showed right foot drop but no sign of discoloration. Treatment notes by Dr. Grace from May of 2016, through January of 2017, indicate Mr. Meador continued to report a burning sensation in his right leg. Physical examination showed abnormal color, temperature, and nail growth in the right lower extremity. Dr. Grace again diagnosed complex regional pain syndrome. On August 16, 2016, he requested that complex regional pain syndrome be added to the claim. He stated that Mr. Meador had limited range of motion, tenderness, decreased sensation, cold sensitivity, weakness, abnormal coloring, abnormal temperature, and mottled skin of the right lower extremity.

The claims administrator denied the addition of chronic pain to the claim on July 30, 2015. The Office of Judges reversed the decision and added chronic pain as a compensable condition in the claim on October 26, 2016. The claims administrator denied a request to add complex regional pain syndrome to the claim on June 13, 2017. In a separate decision that same day, the claims administrator also denied a request for a spinal cord stimulator.

Dr. Mukkamala performed a second independent medical evaluation on January 12, 2018, in which he found weakness in the ankle. Skin temperature of the right leg was the same as all other limbs. Mr. Meador's right lower extremity showed normal skin color, hair growth, texture, and nail growth. Dr. Mukkamala noted right foot drop. Dr. Mukkamala found no evidence of complex regional pain syndrome and stated that he strongly disagreed with Dr. Grace's diagnosis. He opined that Mr. Meador had reached maximum medical improvement.

The Office of Judges affirmed the claims administrator's decisions denying a request to add complex regional pain syndrome to the claim, closing the claim for temporary total disability benefits, and denying a request for a spinal cord stimulator in its May 18, 2018, Order. It found that Dr. Grace's diagnosis of complex regional pain syndrome was not supported by the evidence of record. He was the only physician to diagnose the condition and the only one to document any findings suggestive of complex regional pain syndrome. The Office of Judges noted that Mr. Meador was treated at the Orthopedic Trauma Group from May 14, 2015, through May 19, 2016, and during that time, no physician diagnosed complex regional pain syndrome or found any markers for the condition. Dr. Mukkamala performed two independent medical evaluations and found no objective findings of complex regional pain syndrome. The Office of Judges therefore found that the claims administrator's decision denying the addition of complex regional pain syndrome should be affirmed.

Regarding the closure of the claim for temporary total disability benefits, the Office of Judges found that Dr. Mukkamala concluded on May 10, 2016, that Mr. Meador had reached maximum medical improvement for the compensable condition of laceration of the right leg with tibia fracture. The Office of Judges found that the only medical records in evidence to refute Dr. Mukkamala's finding of maximum medical improvement are Dr. Grace's treatment notes. However, Dr. Grace's finding is based on his diagnosis of complex regional pain syndrome, a non-compensable condition. The Office of Judges found no evidence that Mr. Meador remained

temporarily and totally disabled due to the compensable conditions of right leg laceration and right tibia fracture.

Regarding the denial of a spinal cord stimulator, the Office of Judges concluded that the only compensable conditions in the claim are right tibia fracture and open wound of the right knee, leg, and ankle. The Office of Judges determined that Dr. Grace's request for a spinal cord stimulator was aimed at treating complex regional pain syndrome, a non-compensable condition. The Office of Judges found no evidence that a spinal cord stimulator was necessary to treat any of the compensable conditions in the claim. Further, Dr. Mukkamala found that Mr. Meador was at maximum medical improvement and required no additional treatment. The Office of Judges therefore concluded that a spinal cord stimulator was not medically necessary to treat a compensable condition. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 3, 2018.

After review, we agree with the Board of Review's decision insofar as it denied the addition of complex regional pain syndrome to the claim. However, the Board of Review's decision, insofar as it affirmed the closure of the claim for temporary total disability benefits and denied a spinal cord stimulator, was based on material misstatements of the evidence of record. Pursuant to West Virginia Code § 23-4-7a (2005), temporary total disability benefits will cease when the claimant has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first. In affirming the closure of the claim for temporary total disability benefits, the Office of Judges relied on Dr. Mukkamala's evaluation in which he determined that Mr. Meador had reached maximum medical improvement for the compensable conditions of right leg laceration and tibia fracture. However, Dr. Mukkamala's evaluation is flawed in that he was not aware of all of the compensable conditions in the claim. On October 26, 2016, the Office of Judges added chronic pain as a compensable condition in the claim. The decision was not appealed and became final. The Office of Judges stated that "there is no reliable medical evidence of record to suggest that the claimant remains temporarily and totally disabled due to the compensable diagnoses of right leg laceration and right tibia fracture." In arriving at its finding, the Office of Judges failed to consider the compensable condition of chronic pain.

Similarly, in denying authorization of a spinal cord stimulator, the Office of Judges noted that "[t]he claim is only compensable for closed fracture of the right tibia and open wound of the right knee, leg, and ankle." It also determined that "the record does not contain any medical evidence indicating that a spinal cord stimulator is medically necessary for treatment of the compensable conditions in the claim." As the Office of Judges' decision, and by extension the Board of Review's, was based on material misstatements of the evidence of record, the case is hereby reversed and remanded.

For the foregoing reasons, we affirm the decision of the Board of Review insofar as it denied the addition of complex regional pain to the claim. We reverse the decision insofar as it affirmed the denial of a spinal cord stimulator and closure of the claim for temporary total disability benefits. The case is remanded with instructions to issue new decisions regarding temporary total disability and a spinal cord stimulator with consideration given to the compensable condition of chronic pain.

Affirmed, in part, and Reversed and Remanded, in part.

**ISSUED: November 15, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison